UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

J'MAR TEVYAN TARAFA,

Plaintiff,

v.

TAUNA TARAFA, *et al.*,

Defendants.

Case No. 3:18-cv-00201-MMD-WGC

**ORDER**

Plaintiff, who is incarcerated at the Humboldt County Detention Center, filed his complaint on May 3, 2018. (ECF No. 1-1.) The complaint was accompanied by an application to proceed in district court without prepaying fees or costs (short form). (ECF No. 1.)

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,*

335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff did not file the correct IFP application or the required trust fund account statement or institutional equivalent.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **THIRTY (30) DAYS** from the date of this Order to either file his completed IFP application and account statement, or pay the filing fee. To reiterate, the application must be accompanied by a certified copy of his trust fund account statement, and the financial certificate signed by a person authorized on behalf of the institution where he is incarcerated. If Plaintiff elects to pay the filing fee, the total amount is $400, which consists of the $350 filing fee and a $50 administrative fee. If he files a completed IFP application, he is still responsible for paying the $350 filing fee over time, even if his action is dismissed. If Plaintiff does not pay the filing fee or file a completed IFP application within thirty days, dismissal will be recommended.

In the event Plaintiff files a completed IFP application or pays the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), or 28 U.S.C. § 1915A, or both. 28 U.S.C. § 1915(e)(2)(B) applies to a plaintiff proceeding IFP, and 28 U.S.C. § 1915A applies to

complaints filed by prisoners who seek redress from a governmental entity or officer or employee of a governmental entity. Both require dismissal of a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. Again, if the complaint is dismissed on screening, Plaintiff will not be refunded the $400 filing fee if it was paid, or if he is granted IFP status, he will still be responsible for paying the $350 filing fee over time.

**IT IS SO ORDERED**.

DATED: May 9, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE