UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

J'MAR TEVYAN TARAFA,

Plaintiff,

v.

TAUNA TARAFA, *et al.*,

Defendants.

Case No. 3:18-cv-00201-MMD-WGC

**ORDER**

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP) (ECF No. 4).

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

///

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's original IFP application was not accompanied by a certified account statement indicating his average monthly balance and deposits. The court sent him instructions and forms to provide a completed IFP application by an inmate. (ECF No. 3.) He was given thirty days to either file the completed application or pay the filing fee, and was cautioned a failure to do so would result in dismissal. (ECF No. 3.) Plaintiff was also advised that once he submitted a completed IFP application or paid the filing fee, his complaint would be screened.

Plaintiff filed a second IFP application on May 14, 2018. (ECF No. 4.) It was not accompanied by a certified copy of the trust fund account statement (or institutional equivalent) or a financial certificate indicating the average monthly balance and deposits. Instead, Plaintiff signed the financial certificate indicating a $55 account balance and $0 in average monthly deposits, and wrote in that the officers refused to verify. (ECF No. 4 at 4.)

The certified copy of the trust fund account statement is required by 28 U.S.C. § 1915. Without it, the court cannot verify Plaintiff's ability or inability to pay the filing fee. Therefore, his prior application (ECF No. 1) and current application (ECF No. 4) are **DENIED WITHOUT PREJUDICE**.

1       Plaintiff shall have one final opportunity to submit a completed IFP application or pay the filing fee. Plaintiff may present this court's Order to the officials at the Humboldt County Detention Facility as proof that the court requires a certified copy of the trust fund account statement or institutional equivalent and financial certificate signed by a person authorized on behalf of the detention facility. Plaintiff has **TWENTY-ONE** days from the date of this Order to submit the completed IFP application or pay the filing fee, or the undersigned will recommend dismissal of his action without prejudice.

DATED: May 14, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE