UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

J'MAR TEUYAN TARAFA,

Plaintiff,

v.

TAUNA TARAFA, et. al.

Defendants.

Case No. 3:18-cv-00201-MMD-WGC

**ORDER**

Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP). (ECF No. 8).

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff submitted his original IFP application on May 3, 2018, but it was not the correct IFP application for an inmate, and it was not accompanied by the required trust fund account statement or institutional equivalent. (ECF No. 1.) On May 9, 2018, the court issued an order directing the Clerk to send Plaintiff a copy of the instructions and application to proceed IFP for an inmate, and gave Plaintiff thirty days to file a completed IFP application with a certified copy of the trust fund account statement and financial certificate signed by a person authorized on behalf of the institution where Plaintiff is incarcerated, i.e., the Humboldt County Detention Center. (ECF No. 3.) Plaintiff was further advised that once a completed application was filed, or the filing fee was paid, the court would screen his complaint; and, even if he was granted IFP status, he would still be responsible for paying the $350 filing fee over time.

Plaintiff filed another IFP application on May 14, 2018. (ECF No. 4.) This application was also not accompanied by a certified copy of the trust fund account statement or a financial certificate indicating his average monthly balance and deposits. Instead, Plaintiff signed the financial certificate indicating a $55 account balance and $0 in average monthly deposits. He wrote in that the officers refused to verify.

The court advised Plaintiff that a certified copy of the trust fund account statement is required by 28 U.S.C. § 1915. Without it, the court cannot verify Plaintiff's ability or inability to pay the filing fee. As such, the IFP application was denied without prejudice. (ECF No. 6.) Plaintiff was given one final opportunity to submit a completed IFP application or pay the filing fee, noting that he could present the court's order to officials at Humboldt County Detention Center as proof that the court requires a certified copy of the trust fund account statement and financial certificate signed by a person authorized on behalf of the detention center. He was given twenty-one days to file the completed IFP application, noting that a failure to comply would subject his action to a recommendation for dismissal without prejudice.

On May 30, 2018, Plaintiff filed his third IFP application. (ECF No. 8.) Plaintiff filed a financial certificate which states average monthly balance and deposits, and he provides a resident history report from the Humboldt County Detention Center, but the financial certificate is not signed by a person authorized on behalf of the detention center, as was required by the court's prior orders. The court cannot verify Plaintiff's representations regarding his average balance and deposits as it cannot independently interpret the resident history report to determine whether those representations are correct.

Plaintiff has **FOURTEEN (14) DAYS** from the date of this Order to submit a financial certificate that is **signed by a person authorized on behalf of the Humboldt County Detention Center**, verifying that the information provided concerning Plaintiff's average monthly balance and deposits is correct. A failure to do so will result in a recommendation that the latest IFP application be denied, and the action should be dismissed without prejudice.

**IT IS SO ORDERED**.

DATED: June 6, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE