# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J'MAR TEUYAN TARAFA,<br><br>  Plaintiff<br><br>v.<br><br>TAUNA TARAFA, et. al.,<br><br>  Defendants | Case No.: 3:18-cv-00201-MMD-WGC<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is incarcerated at the Humboldt County Detention Center, filed his complaint on May 3, 2018. (ECF No. 1-1.) The complaint was accompanied by an application to proceed in district court without prepaying fees or costs (short form). (ECF No. 1.) Plaintiff did not include the correct in forma pauperis (IFP) application for a prisoner or the required trust fund account statement certified by the appropriate official from the detention facility as required by 28 U.S.C. § 1915(a)(2). On May 9, 2018, the court issued an order directing the Clerk to send Plaintiff a copy of the instructions and IFP application for an inmate, and gave Plaintiff 30 days to file a completed IFP application and account statement or pay the filing fee. (ECF No. 3.)

On May 14, 2018, Plaintiff filed another IFP application. (ECF No. 4.) The second application also was not accompanied by a certified copy of the trust fund account statement (or institutional equivalent) from the detention facility. Instead, Plaintiff signed the financial certificate himself, and wrote in that officers refused to verify. (ECF No. 4 at 4.)

1  That same day, the court issued another order, reiterating that 28 U.S.C. § 1915 required a certified copy of the trust fund account statement so that the court can verify Plaintiff's ability or inability to pay the filing fee. As such, the court denied the renewed IFP application without prejudice. The court gave Plaintiff another opportunity to submit the completed IFP application or pay the filing fee. The court advised Plaintiff he could present the order to the officials at the detention facility as proof of this requirement. He was given 21 days to comply with the order, and was cautioned that a failure to do so would result in dismissal of his action. (ECF No. 6.)

Plaintiff filed his third IFP application on May 30, 2018. (ECF No. 8.) He submitted a financial certificate, but it was not signed by a person authorized on behalf of the detention facility. The court issued an order stating that it could not verify Plaintiff's representations regarding his average balance and deposits and could not independently interpret the resident history report he attached to determine whether his representations were correct. The court gave Plaintiff 14 days to submit a financial certificate signed by a person authorized on behalf of the Humboldt County Detention Facility. He was cautioned that a failure to do so would result in a recommendation that the action be dismissed without prejudice. (ECF No. 9.)

To date, Plaintiff has not filed a completed IFP application with the financial certificate signed by a person authorized on behalf of the Humboldt County Detention Facility. Consequently, the court now recommends that this action be **DISMISSED WITHOUT PREJUDICE**, and that this case be **ADMINISTRATIVELY CLOSED**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

    2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 17, 2018

                                                                *William G. Cobb* (signature)
                                                                 William G. Cobb
                                                                 United States Magistrate Judge